UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                                    )
                                                         )
JOHN DORGAN,                                             )   Case No.  6:05-bk-03360-KSJ
MARYANN DORGAN,                                          )   Chapter 13
                                                         )
         Debtors.                                        )
                                                         )

MEMORANDUM OPINION DENYING
CHASE HOME FINANCE, LLC'S MOTION FOR RELIEF FROM STAY

Chase Home Finance, LLC ("Chase"), holds a mortgage on the debtors' home. At a foreclosure sale held four days after the debtors filed this Chapter 13 case, a third-party successfully bid at the sale. In this Motion for Relief from Stay (the "Motion") (Doc. No. 9), Chase now seeks nunc pro tunc relief to confirm the sale. The issue is whether Section 549(c) of the Bankruptcy Code,[1] which protects good faith purchasers, creates an exception to the automatic stay such that the sale can be confirmed.

The facts are simple and undisputed. The debtors, John and MaryAnn Dorgan, obtained a mortgage on their home currently held by Chase. The debtors fell behind in their payments; the loan went into default; a foreclosure action was filed. On February 3, 2005, the Circuit Court for Brevard County entered an order rescheduling the foreclosure sale and setting a new date for the foreclosure sale on April 6, 2005. The debtors filed this Chapter 13 bankruptcy on April 2, 2005. They served a Suggestion of Bankruptcy on April 4, 2005; however, neither Chase nor its attorneys received it prior to the foreclosure sale. At the foreclosure sale, a third-party without knowledge of this Chapter 13 case was the successful bidder and a Certificate of Sale was issued.

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

1

After tendering the purchase price for the property, the successful bidder went to inspect the home and, for the first time, learned of the bankruptcy.

Chase now seeks nunc pro tunc relief from the automatic stay confirming the foreclosure sale. Upon filing a bankruptcy petition, Section 362(a) imposes an automatic stay which prohibits collection efforts and foreclosure actions from proceeding. S. Rep. No. 989, 95th Cong., 2d Sess. 54-55, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5840-41; H. Rep. No. 595, 95th Cong., 1st Sess. 340, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6296-97. A primary purpose for the automatic stay is "maintaining the status quo while the court exercises its authority over the debtor's assets, preventing some creditors from picking apart the debtor's estate to the detriment of other creditors." 134 Baker Street, Inc. v. Georgia, 47 B.R. 379, 380 (N.D. Ga. 1984). Holding a foreclosure sale after a bankruptcy is filed, without first receiving an order modifying the automatic stay, violates the automatic stay and is void. Ford v. Loftin (In re Ford), 296 B.R. 537, 543 (Bankr. N.D. Ga. 2003). Therefore, in this case, the post-petition foreclosure sale, held on April 6, violates Section 362(a), is void and, in order to confirm the sale, Chase must either obtain nunc pro tunc relief or establish that the transaction falls under an available exception.

In support of the Motion, Chase argues that Section 549(c) of the Bankruptcy Code applies to protect the third-party bidder, as a good faith purchaser for value without knowledge of the bankruptcy case. Alternatively, Chase argues that Section 549(c) is an exception to the automatic stay. Section 549(c) provides as follows:

> The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith

2

> purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

For the reasons stated below, the Court holds that Section 549(c) does not create an exception to the automatic stay. As such, the foreclosure sale is void, and Chase is not entitled to nunc pro tunc relief confirming the foreclosure sale.

The Bankruptcy Court in the Northern District of Georgia, in a persuasive decision, has addressed the issue of whether Section 549(c) creates an exception to the automatic stay for good faith purchasers.[2] Ford, 296 B.R. 537. In that case, the Chapter 13 debtor sought an order declaring a post-petition foreclosure sale void where the buyer acted in good faith and without knowledge of the bankruptcy. Id. at 540. The debtor had not recorded notice of bankruptcy in the appropriate real estate records. Id. The Bankruptcy Court declared the foreclosure sale void because it violated the automatic stay. Id. at 543; see also Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 675 (11th Cir. 1984) (actions taken in violation of the automatic stay are void). Since the transfer was void, the Section 549(c) defense to the trustee's ability to avoid post-petition transfers under Section 549(a) did not apply. Section 549(c) cannot protect good faith buyers where no valid transfer occurred. Id. at 544.

Although conflicting authorities exist, the cases which discuss and analyze the application of Section 549(c) to Section 362 draw consistent conclusions.[3] If a transaction takes place in violation of the Section 362 automatic stay, the transaction is void and without legal

---

[2] "Purchaser" is used with the legal definition provided by Section 101(43) of the Bankruptcy Code.

[3] Contra cases include Tsafaroff v. Taylor (In re Taylor), 884 F.2d 478 (9th Cir. 1989) and In re Fulmer-Vaught, 218 B.R. 56 (Bankr. W.D. Mo. 1998). These opinions make conclusory statements, without any analysis, that Section 549(c) is an exception to Section 362. Taylor at 483; Fulmer-Vaught at 58. Taylor cites to Section 549(c) and Collier on Bankruptcy ¶ 362.11 (15th ed. 1989). However, ¶ 549.06 expressly states that Section 549 applies to sales initiated by the debtor, rather than judicial sales and tax sales (which are more analogous to foreclosure sales as they are also held without the debtor's consent). Collier on Bankruptcy ¶ 549.06 (15th ed. rev. 2005).

3

effect, as if it never occurred. 40235 Washington Street Corp. v. Lusardi, 329 F.3d 1076, 1084 (9th Cir. 2003); Ford, 296 B.R. at 543; New Orleans Airport Motel Assoc., Ltd. v. Lee (In re Servico), 144 B.R. 933, 935 (Bankr. S.D. Fla. 1992). Where a transaction violates Section 362, no "transfer" exists for purposes of Section 549(a). Washington, 329 F.3d at 1081. Without a Section 549(a) transfer, there cannot be a Section 549(c) avoidance of the transfer.[4] Ford, 296 B.R. at 545, 546 ("The good faith purchaser defense of § 549(c) is inapplicable to a transfer that is invalid because it violates the automatic stay of § 362(a)."); Servico, 144 B.R. at 935.

Section 549(c) is not a defense to avoidance of foreclosure sales, regardless of whether the buyer acted in good faith and without notice of the bankruptcy filing. Ford, 296 B.R. at 540. That provision only protects a good faith "purchaser" of real estate. 11 U.S.C. § 549(c). A "purchaser" is a transferee of a *voluntary* transfer. 11 U.S.C. § 101(43) (*emphasis added*). Foreclosure sales are not voluntary transfers by a debtor but, instead, are forced sales initiated by a creditor. Cf. Singleton v. Abusaad (In re Abusaad), 309 B.R. 895, 900 (Bankr. N.D. Tex. 2004) (a sheriff's sale is not voluntary). "Because § 549(a) only applies to voluntary transfers, § 549(c) cannot be raised as a defense to an involuntary transfer made in violation of the automatic stay." Abusaad, 309 B.R. at 900.

The protections afforded in Sections 362 and 549 are ideologically different. Abusaad, 309 B.R. at 900. Section 549 protects good faith buyers from the debtor's voluntary, unauthorized transfers. Washington, 329 F.3d at 1082; Ford, 296 B.R. at 548. Section 362 protects debtors and creditors from the actions of other creditors and controls involuntary transfers of estate property in an attempt to maximize the size of the debtor's estate and to ensure that similarly situated creditors are treated equally. Washington, 329 F.3d at 1082; Ford, 296 B.R. at 548.

---

[4] As Section 549(c) is not an exception to Section 362, this foreclosure sale does not have to be examined for present fair equivalent value. Washington, 329 F.3d at 1083.

The exceptions to Section 362 are listed in Section 362(b), and courts consider this list to be exhaustive. Id. at 548. Section 549(c) is not an additional exception to the automatic stay that Congress simply neglected to include in the Section 362(b) list. Washington, 329 F.3d at 1080-81; Ford, 296 B.R. at 546, n. 13; Abusaad, 309 B.R. at 900; US v. Miller, 2003 WL 23109906, 12 (N.D. Tex.). Rather, Section 549(c) is designed for a totally different purpose – to protect good faith purchasers. Because these purchasers necessarily paid a fair value for the transferred property, the size of the estate is not significantly impacted. The size of the debtor's estate, however, is negatively affected when a foreclosing creditor involuntarily grabs the debtor's assets without infusing any new value. The debtor and his creditors all lose when one foreclosing creditor wins the race to the courthouse. It is precisely to avoid this "race," which rewards one creditor at the expense of all others, that the automatic stay is designed. Expanding the automatic stay exceptions of Section 362(b) to include Section 549(c) would encourage foreclosing creditors to avoid receiving notice and place extraordinarily difficult burdens on debtors. Ford, 296 B.R. at 549. Chase has failed to establish any basis to modify the automatic stay under Section 362 or otherwise.

The Motion is denied. The foreclosure sale is void. The real property subject to Chase's mortgage shall remain an asset of the debtor's estate. A separate order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 26th day of September, 2005.

KAREN S. JENNEMANN
United States Bankruptcy Judge

5

Copies provided to:

Debtors:  John and Mary Ann Dorgan, 1644 Ruth Street, Cocoa, FL  32926

Debtors' Attorney:  Carole S. Bess, Esquire, 1970 Michigan Avenue, Building D, Cocoa, FL 32922

Laurie K. Weatherford, Chapter 13 Trustee, P.O. Box 3450, Winter Park, FL  32792

Chase Home Finance, LLC, c/o Arthur E. Lewis, Esquire, 9830 S.W. 77th Avenue, Second Floor, Miami, FL  33156

Attorney for Movant:  Arthur E. Lewis, Esquire, 9830 S.W. 77th Avenue, Second Floor, Miami, FL  33156